UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin J. Reek, | Civ. No. 20-1864 (WMW/BRT) |
| Plaintiff, | |
| v. | |
| Jack Serier, Amy Boyer, Richard Thomas Joles, J. Nochez, J. Kirchhof, S. Labarre, and S. Justen, | ***CORRECTED*** **REPORT AND RECOMMENDATION** |
| Defendants. | |

Kevin J. Reek, *pro se* Plaintiff.

Richard Thomas Joles, *pro se* Defendant.

Kimberly R. Parker, Esq., and Robert B. Roche, Esq., Ramsey County Attorney's Office, counsel for Defendants Jack Serier, J. Nochez, J. Kirchhof, S. Labarre, and S. Justen.

Katie Lee Rawls Mathurin, Esq., and Portia M. Hampton-Flowers, Esq., St. Paul City Attorney's Office, counsel for Defendant Amy Boyer.

*The Report and Recommendation filed on March 16, 2021, included a footnote on page 3 that incorrectly stated that there was no evidence in the record that Defendant Joles was served with the Notice of Removal. That footnote has now been removed.*

BECKY R. THORSON, United States Magistrate Judge.

This matter was referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Presently before the Court are Plaintiff Kevin J. Reek's Motion to Remove Case Back to State Court (Doc. No. 17) and Motion to Accept Amended Complaint, and Amendment Log (Doc. No. 30). For the reasons that follow, this Court recommends that Plaintiff's Motion to Remove

Case Back to State Court be granted, and Plaintiff's Motion to Accept Amended Complaint, and Amendment Log be denied as moot.

I.  **Background**

Plaintiff Kevin J. Reek's Complaint in this matter was originally filed in Ramsey County District Court on August 15, 2019. (Doc. No. 1-1, Summons and Compl. 3.) Therein, Plaintiff alleges claims against Defendants for assault and battery, failure to protect, negligence, cruel and unusual punishment in violation of the Eighth Amendment, and denial of both procedural and substantive Due Process in violation of the Fourteenth Amendment. (*Id.*) These claims arise out of an incident that took place at the Ramsey County Law Enforcement Center on or about September 1, 2017, when Plaintiff was placed in a holding cell with two other individuals, one of whom was Defendant Richard Thomas Joles. (*Id.* at 3–4.) Plaintiff alleges that Defendant Joles had threatened to assault him, that as a consequence a "keep separate" order was in place, and that when Plaintiff was placed in the holding cell with Defendant Joles, Defendant Joles attacked him. (*Id.* at 4.) Plaintiff claims that he suffered at least ten blows to his face while in a "choke hold," could not breathe, sustained abrasions to his head, face, and mouth, as well as two broken teeth, lip lacerations, severe neck and back pain, and that he developed post-traumatic stress disorder. (*Id.* at 4.)

On August 28, 2020, this matter was removed to this District from Ramsey County District Court by Defendants Jack Serier, J. Nochez, J. Kirchhof, S. Labarre, and S. Justen ("the Ramsey County Defendants"). (Doc. No. 1, Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1441(a)(&)(c) ("Notice of Removal").) In their Notice of

Removal, the Ramsey County Defendants explained that subject-matter jurisdiction in this Court is proper because Plaintiff brings civil rights claims pursuant to 42 U.S.C. § 1983 (Plaintiff's Eighth and Fourteenth Amendment claims). (Notice of Removal ¶¶ 11–12.) The Ramsey County Defendants represented that Defendant Joles and Defendant Boyer—who were not party to the Notice of Removal—consented to removal of this action. (*Id.* ¶¶ 7–8.) That same day, the Ramsey County Defendants also filed their Answer to Plaintiff's Complaint. (Doc. No. 2.) Defendant Boyer filed her Answer on September 8, 2020. (Doc. No. 8.) As of this writing, Defendant Joles has not answered or otherwise responded to Plaintiff's Complaint.

Plaintiff filed the instant Motion to Remove Case Back to State Court ("Motion to Remand") on November 6, 2020. (Doc. No. 17, Mot. to Remove Case Back to State Court ("Mot. to Remand").) On November 13, 2020, the Ramsey County Defendants filed a Memorandum opposing that motion, and Defendant Boyer joined that opposition separately. (*See* Doc. Nos. 23, 26.) Defendant Joles did not respond. On December 28, 2020, Plaintiff filed a Letter with the Court inquiring whether Defendant Joles had ever filed an Answer in this matter and requesting an extension of time in which to amend the Complaint. (Doc. No. 28.) The Court granted Plaintiff's request for an extension (Doc. No. 29), and on February 4, 2021, Plaintiff filed a Motion to Accept Amended Complaint, and Amendment Log ("Motion to Amend"). (Doc. No. 30, Mot. to Accept Amended Compl. and Amendment Log ("Mot. to Amend").) The Ramsey County Defendants and Defendant Boyer subsequently filed separate Answers to Plaintiff's proposed Amended Complaint. (Doc. Nos. 31, 32.)

**II.   Analysis**

Plaintiff raises various grounds for remand, among them that the Court lacks jurisdiction over Defendant Joles.[1] (Mot. to Remand 2–3.) Plaintiff argues that the removing Defendants ignore the fact that it is Plaintiff's state-law claims against Defendant Joles that "are at the heart of the suit," and draws the Court's attention to the fact that the materials the removing Defendants "forwarded to this Court also did not include Joles' 'Response.'" (*Id.* at 1.) Construed liberally, Plaintiff's Motion to Remand raises the possibility that Defendant Joles has not consented to removal, thus violating § 1446's unanimity requirement and compelling remand of this matter to state court.

**A.   The Rule of Unanimity**

Pursuant to 28 U.S.C. § 1441 a defendant in a state civil case has the right to remove that case to federal district court, assuming the case could have been brought there in the first place. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). A plaintiff, however, may subsequently move to have a case remanded back to state court if subject-matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). The party seeking removal and opposing a motion to remand bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). Removal statutes are strictly

---

[1]   Plaintiff also alleges that the removal was improper because it violated his right to Due Process and his First Amendment rights, and that removal has unduly burdened and prejudiced Plaintiff. (*See* Mot. to Remand.)

4

construed and doubts are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Removal is a statutory creation, outlined in 28 U.S.C. § 1441 and governed by § 1446. *Christiansen v. West Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). A notice of removal "shall be filed within 30 days" from the time the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1).

The rule of unanimity requires that "all defendants must join in a notice of removal or the case will be remanded." *Marano Enter. of Kansas v. Z–Teca Rest., L.P.*, 254 F.3d 753, 755 n. 2 (8th Cir. 2001); *see also Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (stating that "the failure of one defendant to consent renders the removal defective"). This unanimity requirement "serves important interests—it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants." *Christiansen*, 674 F.3d at 933. In the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Id.* (quoting *Pritchett*, 512 F.3d at 1062). The Eighth Circuit

5

has specifically advised non-removing defendants who wish to consent to removal to "either sign the notice of removal or file a timely and unequivocal consent." *Id.* The Eighth Circuit has also cautioned, however, that the rule of unanimity ought not be applied in a "hypertechnical or unrealistic manner" and that written consent "can come in various forms." *Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (citation omitted).

In *Griffioen*, for the first time, the Eighth Circuit held that a removing defendant's representation that a codefendant assents to that removal can satisfy § 1446's unanimity requirement. *Id.* The Eighth Circuit reasoned that "[t]he potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent." *Id.* (citation omitted). The *Griffioen* court concluded that "as long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." *Id.* at 1188. "[A] defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal." *Id.* Other district courts considering the sufficiency of a party's consent to removal since *Griffioen* was decided have also found that that where a defendant subsequently files some indication of its consent, § 1446's unanimity requirement is satisfied. *See, e.g., Johnson v. Law Offices of Lohman*, No. 4:19-CV-457-AGF, 2019 WL 2269718, at *2

(E.D. Mo. May 28, 2019) (finding defendant's representation of codefendant's consent to removal was sufficient where codefendant files its notice of consent to removal after the 30-day deadline for removal); *Gauert v. Gerdau Ameristeel U.S. Inc.*, No. 4:16-CV-1091-DGK, 2017 WL 1609861, at *2 (W.D. Mo. May 1, 2017) (finding unanimity requirement satisfied where non-removing defendant filed a declaration one month after notice of removal indicating his consent). With these standards in mind, this Court next turns to the question of whether Defendant Joles has effectively consented to removal of this matter to federal court.

### B. Defendant Joles Has Not Effectively Consented to Removal in This Case

Here, as described above, it was the Ramsey County Defendants who were responsible for filing the Notice of Removal in this matter. Therein, Defendants' counsel represented that both Defendant Joles and Defendant Boyer consented to removal of this action to federal court. (Notice of Removal ¶¶ 7–8.) Under *Griffioen*, that representation may be sufficient to satisfy § 1446's consent requirement so long as Defendants Joles and Boyer both subsequently filed some indication of their consent to removal. *Griffioen*, 785 F.3d at 1188. For her part, Defendant Boyer has filed an Answer (Doc. No. 8), a memorandum opposing Plaintiff's Motion to Remand (Doc. No. 23), and an Answer to Plaintiff's proposed Amended Complaint (Doc. No. 32). This Court finds that taken together, these documents are sufficient to indicate Defendant Boyer's consent to removal. *Griffioen*, 785 F.3d at 1188. The same, however, cannot be said for Defendant Joles.

7

In stark contrast to Defendant Boyer, Defendant Joles has not filed an Answer to Plaintiff's Complaint, nor has he taken a position on Plaintiff's Motion to Remand. In fact, Defendant Joles has not communicated with the Court at all since this matter was removed to this District over six months ago. He has not filed a single document in this case, nor has he made an appearance either through counsel or pro se.

The Ramsey County Defendants and Defendant Boyer assert in their memoranda opposing Plaintiff's Motion to Remand that the Ramsey County Defendants' representation in the Notice of Removal that Defendant Joles consented to removal is sufficient under § 1446. (*See* Doc. No. 23 at 3–4; Doc. No. 26 at 4.) But this representation is not sufficient because, as explained above, while the Eighth Circuit has over time loosened the rules governing what form a party's consent can take, it has never held that a party's silence should be construed to indicate consent. This case is not like *Griffioen*, where a removing defendant's representation of a codefendant's consent was held to satisfy § 1446 because the codefendant later indicated that consent on the record. *Griffioen*, 785 F.3d at 1188. Instead, here, Defendant Joles has not filed anything whatsoever in this matter indicating that he consented to its removal to federal court.

Therefore, this Court finds that because Defendant Joles never filed any indication of his consent to the removal of this case to federal court, even after Plaintiff filed his Motion to Remand, the unanimity requirement of § 1446 has not been met and this matter should therefore be remanded to state court for further proceedings.[2] *See Henry v. Sentry*

---

[2] This Court observes that Plaintiff, the Ramsey County Defendants, and Defendant Boyer all agree that severance would be improper in this instance, (*see* Mot. to Remand

*Ins.*, No. 4:16-CV-656-CEJ, 2016 WL 4263131, at *2 (E.D. Mo. Aug. 12, 2016) (finding remand appropriate where codefendant never indicated consent, even after plaintiffs filed a motion to remand). Because this Court concludes that remand is appropriate in this instance, it also recommends that Plaintiff's Motion to Amend be denied as moot.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Remove Case Back to State Court (Doc. No. 17) be **GRANTED**; and

2. Plaintiff's Motion to Accept Amended Complaint (Doc. No. 30) be **DENIED** as moot.

Date:  March 26, 2020

*s/ Becky R. Thorson*  
BECKY R. THORSON  
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

3; Doc. No. 23 at 5–6; Doc. No. 26 at 6.), and this Court declines to take up the question of whether only Plaintiff's state-law claims should be remanded *sua sponte*.