UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin J. Reek,                                                          Case No. 20-cv-1864 (WMW/BRT)

                          Plaintiff,

                                                          **ORDER REJECTING MAGISTRATE
        v.                                                      JUDGE'S REPORT AND
                                                               RECOMMENDATION**

Jack Serier et al.,

                          Defendants.

This matter is before the Court on the March 26, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 36.) The R&R recommends granting Plaintiff Kevin J. Reek's motion to remand this case to Minnesota state court and denying as moot Reek's motion to amend the complaint. Defendants filed timely objections to the R&R, to which Reek responded. For the reasons addressed below, the Court rejects the R&R, denies Reek's motion to remand this case to Minnesota state court, and remands this matter to the magistrate judge to consider Reek's motion to amend the complaint.

## BACKGROUND

Reek is incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota (MCF Rush City). Defendant Richard Thomas Joles is incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota (MCF Stillwater). Additional Defendants include current and former Ramsey County Sheriff's Office personnel (Ramsey County Defendants) and Saint Paul Police Officer Amy Boyer.

Reek commenced this action against Defendants in Ramsey County District Court, Second Judicial District.  The complaint alleges that Joles assaulted Reek in September 2017 when both men were in custody at the Ramsey County Law Enforcement Center. The complaint also alleges that the Ramsey County Defendants and Officer Boyer acted negligently and failed to protect Reek, in violation of the Eighth Amendment to the United States Constitution.[1]

On July 23, 2020, Reek served the summons and complaint on Joles.  On August 4, 2020, Reek served the summons and complaint on the Ramsey County Defendants.  And Reek served the summons and complaint on Officer Boyer on August 17, 2020.  The Ramsey County Defendants removed the case to this Court on August 28, 2020, based on federal-question jurisdiction.  In the notice of removal, the Ramsey County Defendants represent that both Joles and Officer Boyer consent to the removal.

On November 6, 2020, Reek filed the pending motion to remand this case to Ramsey County District Court, Second Judicial District.  According to Reek, this Court lacks subject-matter jurisdiction over Reek's claims and lacks personal jurisdiction over Joles.  In addition, Reek argues that the Ramsey County Defendants removed the case to this Court in violation of Reek's right to procedural due process.  Reek also contends that severing any of his claims would unfairly prejudice him because his claims "are inextricably intertwined," and that requiring Reek to litigate his claims in this Court also

---

[1]   Although Reek filed a proposed amended complaint on February 4, 2021, the allegations in the proposed amended complaint do not materially differ from the allegations in Reek's original complaint for purposes of the pending motion to remand.

would unfairly prejudice him because he is *pro se* and is unfamiliar with federal court rules and procedures.  The Ramsey County Defendants and Officer Boyer oppose Reek's motion to remand.

The R&R concludes that the notice of removal filed by the Ramsey County Defendants is defective because it does not satisfy the rule of unanimity, which requires all defendants to join in a notice of removal.  According to the R&R, the Ramsey County Defendants' representation that Joles consented to removal is insufficient because Joles did not subsequently file anything indicating his consent.  Accordingly, the R&R recommends granting Reek's motion to remand this case to Ramsey County District Court, Second Judicial District, and denying as moot Reek's motion to amend the complaint.  The Ramsey County Defendants filed timely objections to the R&R and filed, as an exhibit to their objections, a document signed by Joles with the handwritten notation: "I Agree with Removal."

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made.  28 U.S.C. § 636(b)(1).  In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  A district court must liberally construe the filings of a *pro se* litigant such as Reek.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

Concluding that the Ramsey County Defendants' notice of removal is defective, the R&R recommends granting Reek's motion to remand. When the jurisdictional requirements are satisfied, a defendant may remove a civil action brought in state court to federal district court in "the district and division within which such action is pending" by filing a notice of removal. 28 U.S.C. § 1446(a). After a case has been removed from state court, a federal court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *accord In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000). The burden rests with the removing party to establish by a preponderance of the evidence that federal subject-matter jurisdiction exists. *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 825–26 (8th Cir. 2011); *see also Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th. Cir. 2010) (burden of proving federal jurisdiction always remains on the party seeking to establish it). And all doubts regarding federal jurisdiction are resolved in favor of remanding to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

## I.    Ramsey County Defendants' Objections to the R&R

The Ramsey County Defendants object to the R&R's recommendation to grant Reek's motion to remand, arguing that Reek's motion was untimely and that the notice of removal was not defective. Officer Boyer joins in the Ramsey County Defendants' objections. The Court addresses each argument in turn.

### A.    Timeliness

The Ramsey County Defendants first argue that Reek's non-jurisdictional arguments in support of remand should be disregarded as untimely.  The R&R does not address the timeliness of Reek's motion.

A motion to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).  Reek filed his pending motion to remand on November 6, 2020, which is more than 30 days after the Ramsey County Defendants removed this case on August 28, 2020.  But Reek promptly *attempted* to challenge the notice of removal in a September 10, 2020 filing titled "Plaintiff's Opposition to Defendants' Attempt to Remove Action," which the magistrate judge later struck for failing to comply with the Federal Rules of Civil Procedure and the Local Rules.  And the Court is mindful that, because Reek is proceeding *pro se*, his filings are entitled to a liberal construction.  *See Erickson*, 551 U.S. at 94.

For these reasons, the Court concludes that Reek timely moved to remand and the Ramsey County Defendants' timeliness argument, therefore, is unavailing.

### B.    Rule of Unanimity

The Ramsey County Defendants also challenge the R&R's conclusion that the notice of removal is defective because Joles has not effectively consented to removal, which violates the rule of unanimity.

5

The R&R correctly describes the rule of unanimity, which requires that "all defendants must join in a notice of removal or the case will be remanded." *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 n.2 (8th Cir. 2001); *accord Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (observing that "the failure of one defendant to consent renders the removal defective"). The unanimity requirement "serves important interests—it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012). It is "not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Id.* at 932 (quoting *Pritchett*, 512 F.3d at 1062). Non-removing defendants who wish to consent to removal "should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." *Id.* at 933. But the rule of unanimity should not be applied in a "hypertechnical and unrealistic manner." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (internal quotation marks omitted).

In *Griffioen*, the United States Court of Appeals for the Eighth Circuit concluded that "as long as the removing defendant's codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." *Id.* at 1188. In doing so, the Eighth Circuit observed that, when Congress codified the rule of unanimity, it "did not describe the form

of or time frame for consent when multiple defendants are involved." *Id.* at 1187.  For this reason, the Eighth Circuit was "disinclined to adopt a hard-line requirement," and recognized that a co-defendant's "written indication of consent can come in various forms." *Id.* (declining to adopt "a rule that places form over substance" because Congress chose not to define with specificity "the form of or time for consent" to removal by a co-defendant).  Significant to the Eighth Circuit's analysis was whether the indication of consent was sufficient to "prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will." *Id.* at 1187.

Based on the record before the magistrate judge, the R&R correctly concluded that defense counsel's representation, in the notice of removal, that Joles consented to the removal of this action to federal court was insufficient to satisfy the rule of unanimity. *See Christiansen*, 674 F.3d at 932 (requiring "some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal" (quoting *Pritchett*, 512 F.3d at 1062)); *accord Griffioen*, 785 F.3d at 1187–88.  But the Ramsey County Defendants subsequently filed the affidavit of Assistant Ramsey County Attorney Kimberly Parker, together with several exhibits, to demonstrate that Joles actually consented to removal.  These exhibits include a copy of an August 25, 2020 email exchange between Parker and Dan Dingmann, Joles's case manager at MCF Stillwater.  In that email exchange, Dingmann indicates that he has attached a "signed document[ ] agreeing to removal by Mr. Joles."  And attached to Dingmann's email is

Parker's written request for Joles's consent to removal, which includes the handwritten annotation "I Agree with Removal," followed by Joles's handwritten signature and prisoner identification number.  Although the magistrate judge did not have the benefit of this evidence when issuing the R&R, this evidence remedies the defects in the notice of removal that the magistrate judge identified.  And although Joles did not personally submit this evidence, the evidence nonetheless sufficiently demonstrates that Joles "actually consented to the removal,"[2] *Christiansen*, 674 F.3d at 932 (quoting *Pritchett*, 512 F.3d at 1062), and that the Ramsey County Defendants have not made "false representations of unanimous consent" to force Joles into federal court against his will, *Griffioen*, 785 F.3d at 1187.  As such, the rule of unanimity is satisfied.

In responding to the Ramsey County Defendants' objections, Reek does not challenge the authenticity of Joles's handwritten consent to removal.  Instead, Reek argues that Joles's consent is invalid because the Ramsey County Defendants obtained

---

[2]      The Ramsey County Defendants contend that Joles's failure to file anything in this case to date might be a result of the fact that some of the filings in this case have not been mailed to Joles, who is *pro se* and lacks access to the Court's Electronic Case Files (ECF) system.  The District of Minnesota's Electronic Case Filing Procedures Guide for Civil Cases provides that "[f]ilers must serve copies of any electronically filed pleading, document, or proposed order to parties not served electronically by ECF."  Thus, the parties are responsible for serving copies of their electronic filings on Joles.  The docket reflects that Reek, the Ramsey County Defendants, and Officer Boyer have done so, yet Joles has not responded to or acknowledged any of these parties' filings.  Because Joles has not answered or responded to Reek's complaint or otherwise participated in this case, the docket reflects no address for Joles and, consequently, filings made by the Court have not been mailed to Joles.  But the fact that Joles has not filed anything in this case does not contradict the Ramsey County Defendants' evidence that Joles consented to removal; it is conceivable that a defendant might unequivocally consent to removal and, thereafter, default.

8

Joles's consent through "fraudulent misrepresentation."  In particular, Reek contends that Parker's letter to Joles, in which she sought Joles's consent to removal, includes "lies" intended to fraudulently acquire consent from Joles.  Reek does not identify any legal authority suggesting that a co-defendant's unequivocal consent to removal can be invalidated based on the representations made to that co-defendant when obtaining his or her consent.  And the Court's research has identified no such authority.  Moreover, the evidence does not support Reek's contention that Parker lied to Joles.  In relevant part, Parker's letter to Joles includes the following:

> The Ramsey County Defendants would like to remove this case because the Plaintiff's primary claim is a federal civil rights claim and therefore jurisdiction in federal court is more appropriate.  In our experience, the federal courts are more familiar with these types of claims and can handle them more expeditiously.  Ramsey County also believes there is a better chance of success for the defendants in federal court.

The foregoing representations reflect the Ramsey County Defendants' opinions and beliefs and do not reflect any misrepresentations of fact or improper coercion.  Reek's arguments to the contrary are unavailing.

For these reasons, the Ramsey County Defendants' objection is sustained, and the R&R's recommendation to grant Reek's motion for remand based on a defective notice of removal is rejected.

## II.    Reek's Additional Arguments for Remand

Because the R&R concludes that that Reek's motion for remand should be granted based on a defective notice of removal, the R&R does not address Reek's other

arguments in support of his motion for remand.  Reek reiterates many of these arguments in his response to the Ramsey County Defendants' objections to the R&R.  The Court addresses each of Reek's additional arguments in turn.

### A.    Subject-Matter Jurisdiction

Reek argues that this Court lacks subject-matter jurisdiction over his claims. Defendants removed the case to this Court based on federal-question jurisdiction. Federal-question jurisdiction exists if a civil action arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When assessing whether federal-question jurisdiction exists, courts employ the "well-pleaded complaint rule" and look only to the face of the complaint.  *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Because Reek is proceeding *pro se*, the Court liberally construes his complaint.  *See Erickson*, 551 U.S. at 94.

The "Introduction" paragraph of Reek's original complaint provides that Reek "brings suit and makes the following Complaint . . . for assault and battery, failure to protect, negligence; Eighth Amendment prohibition against cruel and unusual punishment and Fourteenth Amendment violations for denial of due process procedurally and substantively."  In a proposed amended complaint that Reek filed on February 4, 2021, Reek removed the reference to the Eighth Amendment from this introduction paragraph and added "intentional infliction of emotional distress," but this paragraph otherwise

remains unchanged.  Both the original complaint and the amended complaint also allege the following:

> The failure to protect and "deliberate indifference" prong of the Eighth Amendment test requires that the Defendant actually know of and disregard "an excessive risk to inmate health or safety".  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2D 811 (1994).

Based on these allegations, Reek's failure-to-protect claims against the Ramsey County Defendants and Officer Boyer clearly arise under the United States Constitution and, therefore, present a federal question.  As such, this Court has federal-question jurisdiction over Reek's federal claims.

Reek nonetheless contends that "[t]his Suit is primarily one built around State Torts" and that, although "most of the Defendants also have 8th Amendment claims against them, Defendant Joles is solely accused of State torts" and "State torts make up the core of the complaint."  It is true that Reek asserts several state-law claims.  But when a federal district court has subject-matter jurisdiction over a plaintiff's federal claims, that court also has "supplemental jurisdiction over all other claims" in the action "that are so related to" the federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).  State-law claims may be subject to a federal court's supplemental jurisdiction if the "state and federal claims . . . derive from a common nucleus of operative fact" such that the plaintiff ordinarily would be expected to assert them all in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Here, the allegations in the complaint clearly demonstrate that all of Reek's claims—state and

federal—arise from a common nucleus of operative facts, namely, the alleged assault on Reek that occurred in September 2017.  Indeed, Reek concedes in his motion to remand that "[t]he claims in this suit are inextricably intertwined."  As such, this Court has supplemental jurisdiction over Reek's state-law claims.

Accordingly, because this Court has subject-matter jurisdiction over all of Reek's claims, Reek's motion to remand on this basis is denied.

### B.    Personal Jurisdiction

Reek also argues that the case must be remanded because this Court lacks personal jurisdiction over Joles.[3]

Personal jurisdiction is a "threshold issue for the court."  *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995) (internal quotation marks omitted).  Typically, a plaintiff must plead facts sufficient "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks omitted).  But regardless of the facts pleaded by the plaintiff, this Court may exercise personal jurisdiction over a defendant "so long as the defendant is present in the State [of Minnesota], or has consented to its jurisdiction, and has been served in accordance with law."  *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990).

---

[3]      The R&R liberally construed this argument as a challenge to whether the rule of unanimity had been satisfied, which is addressed above in Part I.B. of this Order.

Although Reek's complaint does not address whether Joles is physically present in Minnesota, publicly available records confirm that Joles is incarcerated in Minnesota at MCF Stillwater.  And the record reflects that Joles consented to the removal of the case to this Court.  Moreover, the complaint alleges that Joles assaulted Reek in Minnesota, which demonstrates the existence of specific personal jurisdiction over Joles.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 474–75 (1985) (providing that specific personal jurisdiction exists when the cause of action arises out of or is related to a defendant's activities within the forum state).  For these reasons, Joles is subject to personal jurisdiction in this Court.

Accordingly, Reek's motion to remand on this basis is denied.

### C.   Due Process

Reek also argues that the Ramsey County Defendants removed the case to this Court in violation of Reek's right to procedural due process.  Specifically, Reek contends that he "was not afforded any opportunity to oppose the removal before it occurred."

Procedural due process is implicated when a person has been deprived of a protected life, liberty or property interest.  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).  If no life, liberty or property interest exists, there can be no due-process violation.  *See Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997).  Here, Reek has not identified a protected life, liberty, or property interest in maintaining his lawsuit in state court.  A civil action may be removed from state court to federal court if a notice of removal is filed within 30 days after the defendant has been served with a copy

of the initial complaint. *See* 28 U.S.C. § 1446(b)(1). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C). Here, the record reflects that the Ramsey County Defendants satisfied each of these requirements. A plaintiff's consent to removal is *not* required, nor is a plaintiff entitled to an opportunity to oppose removal before it occurs. *See generally id.* §§ 1441, 1446 (authorizing the removal of civil actions from state court to federal court and describing the procedural requirements for doing so). As such, Reek does not identify any basis for concluding that the removal of this action to this Court violated his right to procedural due process.

Accordingly, Reek's motion to remand on this basis is denied.

### D.     Unfair Prejudice

Reek also argues that he will suffer unfair prejudice if he is required to litigate some or all of his claims in federal court. In particular, Reek contends that he is unfamiliar with federal court rules and procedures and will be at an unfair disadvantage compared to Defendants' attorneys, who are more experienced with the "complex procedures" of federal court. Reek also suggests that his claims should not be severed.

Any implicit arguments pertaining to severance are misplaced, as no party has moved to sever Reek's claims. For the reasons addressed above, each of Reek's claims may proceed in this Court, notwithstanding his contention that doing so will result in unfair prejudice. Although the Court is mindful of Reek's inexperience in federal court, a

litigant's lack of familiarity with federal court rules and procedures is not a basis for remanding a case to state court.[4]  As such, Reek's arguments as to unfair prejudice are unavailing.

Accordingly, Reek's motion to remand on this basis is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      The Defendants' objections to the March 26, 2021 R&R, (Dkts. 34, 37), are **SUSTAINED**.

2.      The March 26, 2021 R&R, (Dkt. 36), is **REJECTED**.

3.      Plaintiff Kevin J. Reek's motion to remand this case to Minnesota state court, (Dkt. 17), is **DENIED**.

4.      This matter is **REMANDED** to the magistrate judge to consider Reek's motion to amend the complaint, (Dkt. 30).


Dated:  August 13, 2021                                    s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge

---

[4]      Notably, the magistrate judge has referred Reek to the *Pro Se* Project, a program offered by the Minnesota Chapter of the Federal Bar Association that attempts to connect unrepresented individuals in civil cases with volunteer lawyers who may agree to donate their time to talk to Reek about his case.  The magistrate judge's referral letter also notified Reek that he may find information about federal court procedures on the "Represent Yourself (Pro Se)" page of the Court's website at www.mnd.uscourts.gov.